USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: August 14, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

WINSTON BURRELL,

Defendant.

10 Cr. 728 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Movant Winston Burrell is currently serving the 120-month sentence that this Court imposed on January 19, 2012 following Burrell's guilty plea to two narcotics crimes. He has now filed a motion that the Court, with Burrell's consent, construes as one made pursuant to 28 U.S.C. § 2255.[1] For the reasons set forth below, Burrell's section 2255 motion is denied.

## I. Background

On June 23, 2010, officers of the New York Police Department executed a search warrant at 3445 Holland Avenue in the Bronx, looking for crack cocaine and evidence of crack dealing. When the NYPD officers entered the apartment, they discovered Burrell in the back bedroom standing in front of an open window. Outside of the window, the officers discovered a large plastic bag containing 87 smaller bags of crack cocaine. In the closet in the bedroom where Burrell was found was another plastic bag containing 81 smaller bags of crack cocaine, as well as three more bags containing large amounts of uncut crack cocaine. All told, the officers recovered 31 grams of crack cocaine and 26 grams of powder cocaine from the apartment. Burrell was arrested for numerous violations of New York's narcotics laws.

Federal authorities took over Burrell's prosecution, and Burrell was arrested by U.S. Marshals on July 14, 2010. Burrell was initially indicted in August 2010 on one count of possession with the intent to distribute five grams and more of crack cocaine, in violation of 21 U.S.C. § 841. (Dkt. No.

---

1 The Court grants Burrell's Motion for Recharacterization. (Dkt. No. 50.)

6.) On July 21, 2011, the government filed a superseding indictment, charging Burrell with one count of distribution and possession with the intent to distribute 28 grams and more of crack cocaine, and one count of conspiracy to distribute and possess with the intent to distribute 28 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812 and 841, and 21 U.S.C. § 846, respectively. (Dkt. No. 20.)

On October 19, 2011, Burrell pleaded guilty before this Court to both counts of the superseding indictment. On January 19, 2012, this Court sentenced Burrell principally to 120 months' imprisonment on each count, to run concurrently. (Dkt. No. 32.) Burrell's plea agreement contained a waiver of his right to appeal or collaterally attack any sentence below 235 months' imprisonment.[2] (Plea Agreement at 6.) Burrell appealed anyway, and on January 4, 2013, the U.S. Court of Appeals for the Second Circuit dismissed his appeal with regard to his terms of imprisonment and supervised release and summarily affirmed his conviction. (Dkt. No. 44.)

Burrell filed the instant motion on or about June 3, 2013. (Dkt. No. 46.) Although Burrell styled this motion as one pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, this Court determined that it was more appropriately brought pursuant to 28 U.S.C. § 2255. The Court informed Burrell of its intent to so construe his motion (Dkt. No. 49), and Burrell consented.[3] (Dkt. No. 50.)

## II. Discussion

Construed liberally, Burrell advances two arguments in his motion: First, Burrell contends that the apartment search and his arrest violated the

---

[2] The Court dismisses Burrell's motion to the extent it challenges his sentence, as opposed to his conviction. Burrell validly waived his right to collaterally attack his sentence, and has raised no arguments challenging the validity of his plea or waiver. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).

[3] Burrell also filed three other motions for collateral relief prior to filing the instant motion. (Dkt. Nos. 41, 42, 43.) Burrell withdrew all three after this Court informed him of its intent to construe them as motions made pursuant to 28 U.S.C. § 2255. (Dkt. No. 48.)

Fourth Amendment. Second, he argues that he was not properly indicted by a grand jury.

### A. Burrell Cannot Challenge the Search or Arrest, Which Were Constitutional

Burrell challenges the constitutionality of the apartment search and of his arrest. However, since Burrell pleaded guilty, the scope of this Court's inquiry on collateral review "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989); *see also Bousley v. United States,* 523 U.S. 614, 621 (1998) (guilty plea may be attacked on collateral review only in "strictly limited" circumstances). Burrell does not attack the validity of his plea, either by claiming it was involuntary or that he received inadequate counsel. Burrell has thus "waived his right to object to the constitutionality of the search" of the apartment and his arrest. *United States v. Arango,* 966 F.2d 64, 66 (2d Cir. 1992); *see also Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Even if Burrell could challenge the constitutionality of the search of the apartment or of his arrest, those challenges would fail.[4] The NYPD search of 3445 Holland Ave. was authorized by a search warrant signed by a New York State judge. "Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause." *Fabrikant v. French,* 691 F.3d 193, 214 (2d Cir. 2012) (quotation marks omitted). Burrell claims, however, that at least one of the statements in the supporting affidavit of Officer Kreshnik Bakraqi was false. "In order to challenge successfully a search warrant based on an attack on the

---

[4] The Court assumes for the sake of this decision that Burrell would have had standing to contest the search of the apartment. *See Mosby v. Senkowski,* 470 F.3d 515, 519–20 (2d Cir. 2006); *United States v. Fields,* 113 F.3d 313, 320–21 (2d Cir. 1997).

allegations in a supporting affidavit, a defendant must show by a preponderance of the evidence that the affidavit contained false statements that were material on the issue of probable cause. The defendant must further show that the alleged false statements were made intentionally, knowingly, or with reckless disregard for the truth." *United States v. Wapnick*, 60 F.3d 948, 955 (2d Cir. 1995) (quotation marks and citations omitted). Burrell cannot meet this standard.

Burrell attacks the Bakraqi affidavit based on purported inconsistencies between it and the federal complaint, which was made and sworn to by NYPD Detective Clarence Fredricks. But Burrell can identify just one purported inconsistency between the Bakraqi affidavit in New York State court and the federal complaint by Fredricks: the latter states that Burrell sold crack to a confidential informant in early June 2010, while the Bakraqi affidavit makes no mention of Burrell. The fact that the Bakraqi affidavit supporting a search warrant does not identify Burrell by name, however, does not mean that it contradicts the Fredricks complaint, let alone that the Bakraqi affidavit is false. Even if it were, Burrell has not shown that such false statements were made with the requisite intent.[5]

Once inside the apartment, NYPD officers had probable cause to arrest Burrell. Specifically, officers found Burrell in front of an open window, outside of which was a bag filled with crack cocaine. This fact alone—and the reasonable inference that Burrell had thrown the bag out the window—constituted probable cause to arrest Burrell. *See United States v. Boone*, No. 02 Cr. 1185, 2003 WL 21488021, at *4 (S.D.N.Y. June 27, 2003). Therefore, Burrell's Fourth Amendment challenge would fail even if he had not waived it.

### B. Burrell's Challenge to His Indictment Fails

Burrell next asserts that he was not indicted by a full grand jury, and in particular, that the docket does not reflect that the foreperson had

---

[5] Burrell also argues that there was no probable cause to support the search warrant because at a photo line-up conducted four months after his arrest, a witness failed to identify him. Since the Bakraqi affidavit does not mention Burrell, this line-up cannot undermine the validity of the warrant.

"record[ed] the number of jurors concurring in every indictment" and had "file[d] the record with the clerk." Fed. R. Crim. P. 6(c). Both the original and superseding indictments in this matter are on public file, and both were signed by the grand jury foreperson. (Dkt. Nos. 6, 20.) Burrell notes that the public docket does not reflect a record of concurrence, but Rule 6(c) on its face gives the reason for this: the record of concurrence "may not be made public unless the court so orders."[6] Fed. R. Crim. P. 6(c). Burrell has not alleged any facts that disturb the presumption of regularity in grand jury proceedings. *See Rosa v. United States*, 170 F. Supp. 2d 388, 409 n.11 (S.D.N.Y. 2001). Burrell's challenge to the sufficiency of his indictment is denied.

## III. CONCLUSION

For the reasons set forth above, Burrell's Motion for Recharacterization (Dkt. No. 50) is granted. Burrell's section 2255 motion (Dkt. No. 46) and request for disclosure of the grand jury record of concurrence (Dkt. No. 51) are denied.

Dated: New York, New York
August 14, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[6] In approximately October 2012, Burrell submitted a request for disclosure of this record of the grand jury's concurrence. (Dkt. No. 51.) Burrell has not shown any particularized need for this disclosure. *See Rosa v. United States*, 170 F. Supp. 2d 388, 409 n.11 (S.D.N.Y. 2001). The Court therefore denies Burrell's request.